## LAW OFFICES OF

## O'KEKE & ASSOCIATES, P.C.

801 Franklin Avenue.
Brooklyn, New York 11238
PHONE: (718) 855-9595
Attorneys for plaintiffs

```
------------------------------------X----------------------------
SKYLAR DUPREE and                   :UNITED STATES DISTRICT COURT
ROBERT DUPREE                       :EASTERN DISTRICT OF NEW YORK
          Plaintiff(s),             :
                                    :   CASE No.: 12 CV 4392
     against                        :
                                    :   CIVIL ACTION
                                    :
THE CITY OF NEW YORK,               :   AMENDED COMPLAINT
DET. WILLIE JOHNSON (Shield 4104)   :
DET. JAVIER APONTE (Shield 1102)    :
SGT.CHRISTOPHER THOMAS(Shield 2132) :
P.O. DAVID PRALGO(Shield 23526)     :
P.O. ANTHONY DONALDSON(Shield 8286) :
SGT.ROBERT MARTINEZ (Shield 20291)  :
SGT.MOHAMMED KARIMZADA(Shield 786)  :
JOHN DOE and JANE DOE 1-14          :
                                    :   PLAINTIFF DEMANDS
                                    :   TRIAL BY JURY
                                    :
          Defendant(s).             :   (CBA)(RER)
                                    :
------------------------------------X----------------------------
```

TAKE NOTICE, the Plaintiffs, Skylar Dupree and Robert Dupree, hereby appear in this action by their attorneys, The Law Offices of O'keke & Associates, P.C., and demand that all papers be served upon them, at the address below, in this matter.

Plaintiffs, Skylar Dupree and Robert Dupree, by their attorneys, O'keke & Associates, P.C., complaining of the defendants, The City of New York, and "John Doe" and "Jane Doe" 1'through'20, collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute,

ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiffs both reside in Brooklyn, New York and are residents of the State of New York.

7. The allegations that plaintiffs' reference in the within complaint all took place in Brooklyn, County of Kings, City and State of New York and within the jurisdiction of the Eastern District of New York.

8. Defendants Det. Willie Johnson (Shield 4104), Det. Javier Aponte (Shield 1102), Sgt. Christopher Thomas (Shield 2132), are all assigned to Brooklyn North Narcotics of the NYPD; defendants P.O. Anthony Donaldson (Shield 8286), Sgt. Robert Martinez (Shield 20291), P.O. David Pralgo(Shield 23526), and Sgt. Mohammed Karimzada (Shield 786) are all assigned to the NYPD 75th Precinct; "John Doe" and "Jane Doe" 1'through'14 are unknown police officers for the City of New York, acting under color of state law. All defendants are being sued in both their individual and official capacity.

9. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

## FACTUAL ALLEGATIONS COMMON
## TO ALL CAUSES OF ACTION

10. On or about January 14, 2012, at approximately 4:30 PM, defendants Det. Willie Johnson (Shield 4104), Det. Javier Aponte (Shield 1102), Sgt. Christopher Thomas(Shield 2132), and John Doe and Jane Doe 1-14 and employed with the New York City Police Department and assigned to the 75th Precinct, without probable cause and or justification, unlawfully arrested and detained the plaintiffs. The plaintiff's were subsequently charged with PL 220.03, Criminal Possession of a controlled substance in the seventh degree, amongst other charges. All Charges were subsequently adjourned in contemplation of Dismissal against both plaintiffs.

11. Prior to and after effecting the illegal arrest against the plaintiffs, plaintiffs were sitting in their father's car, in a private parking lot, waiting for their father to come out, also present was their father's girlfriend. When defendant officers, approached the car surrounded it and then tapped on the window, to wit the plaintiffs rolled down all windows. The plaintiffs were then instructed by the defendant officers to exit the car to which plaintiffs complied. That once outside the car, the plaintiffs were

    grabbed handcuffed and led a short distance away from the car and then some of the defendant officers began searching the car. That plaintiffs enquired from the officers that were holding and restraining them why they were being arrested and how they could just pull them out from a private car in a private lot for doing nothing and then start searching their car without a warrant. That one of the arresting officers then said they could do whatever they want and that he was going to arrest them for asking too many questions. The plaintiffs were then placed in a police vehicle and transported to the NYPD 75th precinct, where they were pedigreed and then placed in a holding cell, with no food, drink or access to humane restroom facilities. The plaintiffs remained in the cell for several hours, until they were removed from the cell and placed in another police vehicle that transported them to the Criminal Court central Booking Division in Kings County. The plaintiffs were then placed in holding pen with numerous other arrestees, where they remained for three days, before they were brought before a judge and released on condition to return to court at a later date. That on the return date all charges against the plaintiffs was dismissed pursuant to CPL170.55, adjournment in contemplation of dismissal.

12. That thereafter, on or about January 19, 2012, at approximately 12:15 AM, plaintiff Skylar Dupree was at home with his father, cousin and two friends when they heard a tapping sound coming from the front door. Plaintiffs came to the front door but did not see anyone. That about 3:00AM in the same morning, they were all startled by a loud banging on the front door. When plaintiff Skylar Dupree went to see who was banging on the door, and opened the door, defendants P.O. Anthony Donaldson (Shield 8286), Sgt. Robert Martinez (Shield 20291), P.O. David Pralgo(Shield 23526), and Sgt. Mohammed Karimzada (Shield 786) and John Doe and Jane Doe 1-14, rushed in with flash lights, guns drawn, grabbing and throwing everyone on the floor, plaintiff Skylar Dupree was grabbed by one of the defendant officers, thrown on the floor and a gun placed to his head. Thereafter he was hoisted up, searched and taken outside and handcuffed. Plaintiff Skylar was then placed in a police vehicle and taken to the NYPD 75th precinct, where he was told that he was going to be charged with CPL 265.03, Criminal Possession of a weapon in the second degree. That when plaintiff asked why he was being arrested again, especially as did not have any weapon and

no weapon was recovered from him, or anyone around him or from the apartment they had removed him from, the defendant officers responded that like they told him before that's what he gets for asking too many questions. Plaintiff Skylar was then held in a holding cell for approximately 20 hours, with no food and no drink and then he was removed from the cell and transported to the Central Bookings Division of the Criminal Court, Kings County. Plaintiff Skylar was held at the Central Bookings in a holding pen for almost another 24 hours, before he was brought up before a Judge and again released to return to court at a later date. On returning to court, the case was dismissed and sealed.

13. That during both ordeals, the plaintiffs were not provided any food or drink, or reasonable access to restroom facilities. Further, neither plaintiff was read their Miranda rights on either occasion.

14. Plaintiffs were caused to return to court at a later date, for both incidents before all charges against plaintiffs were dismissed.

15. That plaintiffs were arrested, harassed and detained unlawfully without any just cause.

16. That even though the defendant police officers knew, or should have known based on the facts that no crime had been committed by the plaintiffs, they still proceeded to arrest plaintiffs, charge, harass, assault and incarcerate plaintiffs just to intimidate plaintiffs.

17. That at no time during the arrests was any of the plaintiffs read their Miranda rights or allowed access to counsel, necessary food or water.

18. At no time did plaintiffs commit any offense against the laws of New York City and or State for which an arrest may be lawfully made. At no time did the plaintiffs act against or in violation of the laws of New York State, or commit any illegal acts, or engage in any conduct which in any way justified the brutal and unlawful actions of the defendants.

19. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer injuries, including but not limited to emotional distress,

nightmares, migraines, severe headaches, panic attacks, mental anguish and unwarranted severe anger bouts, severe pain in various parts of their bodies and individual ailments some or all of which may be permanent.

20. The unlawful arrest, wrongful imprisonment and harassment of plaintiffs, because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

21. As a direct and proximate result of defendants' actions, plaintiffs suffered and continue to suffer, emotional distress, nightmares, migraines, severe headaches, panic attacks, mental anguish and unwarranted severe anger bouts and individual ailments some or all of which may be permanent.

22. As a direct and proximate result of their unlawful detention, assault and confinement, Plaintiffs have lived in terror of their attack, they continue to suffer from nightmares, are fearful of going outside and when they see the police, they suffer various emotional attacks, in addition, they have been unable to function normally which has caused severe strains and breakdown in their personal relationships, in and outside of their respective homes.

23. As a direct and proximate result of defendant's actions, plaintiffs were assaulted, arrested, and detained without just or probable cause.

24. As a direct and proximate result of defendants' actions, plaintiffs were deprived of rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

25. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

26. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the

    defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

27. The actions of defendants, acting under color of State law, deprived plaintiffs of their rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

28. By these actions, defendants have deprived plaintiffs of rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

29. Plaintiffs continue to suffer physically and emotionally due to the actions of the defendants.

30. This action has been commenced within one year and ninety days of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

    42 U.S.C Section 1983-against Defendants Officers

31. Plaintiff hereby restates paragraphs 1-30 of this complaint, as though fully set forth below

32. By detaining and imprisoning the plaintiffs without justification, probable cause or reasonable suspicion, using excessive force and assaulting them, the Defendants' Officers, deprived Plaintiffs of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

33. In addition, the Defendants officers named and unnamed conspired among themselves to deprive plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in

furtherance of such conspiracy, as set forth above.

34. The Defendants Officers named and unnamed acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers named and unnamed were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiffs of their constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth and Fourteenth Amendments to the United States Constitution.

35. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

36. Plaintiff hereby restates paragraph 1-35 of this complaint, as though fully set forth below

37. By detaining and imprisoning the plaintiff without probable cause or reasonable suspicion, using excessive force, and assaulting them, the Defendant Officers deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.  In addition, the Defendant officers conspired among themselves to deprive plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

38. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

## AS A THIRD CAUSE OF ACTION:

False Arrest and False Imprisonment--all defendants

39. Plaintiffs hereby restates paragraph 1-38 of this complaint, as though fully set forth below

40. The Defendant Officers named and unnamed wrongfully and illegally detained, and imprisoned the Plaintiff.

41. The wrongful arrest and imprisonment of the Plaintiffs was carried out without a valid warrant, without Plaintiffs' consent, and without probable cause or reasonable suspicion.

42. At all relevant times, the Defendant Officers named and unnamed acted forcibly in apprehending, detailing, and imprisoning the Plaintiffs.

43. During this period, the Plaintiffs were unlawfully and wrongfully assaulted, harassed, detained, and threatened.

44. Throughout this period, the Plaintiffs were unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

45. All of the foregoing occurred without any fault or provocation on the part of the Plaintiffs.

46. Defendants, their officers, agents, servants, and employees were responsible for plaintiffs' detention and imprisonment during this period of time.  Defendant City of New York, as employer of the Officers Defendants, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

47. The Defendant Officers named and unnamed acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the Plaintiffs' rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward Plaintiff.

48. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

### AS A FOURTH CAUSE OF ACTION:

Intentional and/or Negligent Infliction of Emotional Distress- all Defendants

49. The Plaintiffs hereby restates paragraph 1-48 of this complaint, as though fully set forth below.

50. The Defendant Officers named and unnamed engaged in extreme and outrageous conduct, intentionally, recklessly and or negligently causing severe emotional distress to plaintiffs.

51. Plaintiffs' emotional distress has damaged their personal and professional lives because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

52. Defendants, their officers, agents' servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiffs at the hands of the Defendant Officers named and unnamed, defendant City of New York, as employer of the Officers, is responsible for their wrongdoing under the <u>doctrine of respondeat superior</u>.

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages herein-before stated.

### AS FOR A FIFTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

54. Plaintiffs hereby restates paragraph 1-53 of this Complaint, as though fully set forth below.

55. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiffs.

56. Upon information and belief, Defendant City of New York,

through the NYPD owed a duty of care to plaintiffs because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

57. Upon information and belief, Defendant City of New York, knew or should have known through the exercise of reasonable diligence that the Officers Defendants were not prudent and were potentially dangerous.

58. Upon information and belief, Defendant City of New York, negligence in hiring and retaining the officers Defendants proximately caused Plaintiff's injuries.

59. Upon information and belief, because of the defendant's City of New York, negligent hiring and retention of the aforementioned Officers Defendants, Plaintiff incurred significant and lasting injuries.

**WHEREFORE,** plaintiffs respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Officers Defendants in

      an amount to be determined at trial;

6. Such other and further relief as this Court may deem necessary in the interest of justice.

    Dated: January 9, 2013
           Brooklyn, New York

                                    *[signature]*

                                Patrick O'keke, Esq. (PO-2861)
                                O'keke& Associates, PC.
                                Attorney for Plaintiff
                                801 Franklin Avenue
                                Brooklyn, New York 11238
                                Tel. (718) 855-9595

Civil Case Number: <u>12 CV 4392</u>     Attorney: <u>PATRICK O'KEKE [2861]</u>

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

SKYLAR DUPREE and ROBERT DUPREE

                                    Plaintiff(s),

   against

THE CITY OF NEW YORK, DET. WILLIE JOHNSON (Shield 4104) DET. JAVIER APONTE (Shield 1102), SGT. CHRISTOPHER THOMAS(Shield 2132), P.O. DAVID PRALGO(Shield 23526), P.O. ANTHONY DONALDSON(Shield 8286), SGT.ROBERT MARTINEZ (Shield 20291), SGT.MOHAMMED KARIMZADA(Shield 786), JOHN DOE and JANE DOE 1-14

                                    Defendant(s).

---

## AMENDED SUMMONS & AMENDED COMPLAINT
## JURY TRIAL DEMANDED

---

### O'keke & Associates, PC
801 FRANKLIN AVENUE, BROOKLYN NY, 11238
PHONE: (718) 855-9595  FAX: (718) 855-9494
EMAIL: polawuk@aol.com,

---

To:


Defendants/Attorney(s) For Defendants.

---

    Service of a copy of the within is hereby admitted

                      Dated:_____

            Attorney(S) For:_____

---